<div style="border:1px solid black;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3993-19

STACIE PERCELLA,

     Plaintiff-Appellant,

v.

JAMES M. DAVIS, Individually,
and CITY OF BAYONNE,

     Defendants-Respondents.

_____

Submitted April 21, 2021 – Decided May 28, 2021

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0177-18.

Bruno, Gerbino, Soriano & Aitken, attorneys for appellant (Vincent F. Gerbino, on the briefs).

Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys for respondents (Nicholas A. Sullivan, on the brief).

PER CURIAM

In her complaint, plaintiff Stacie Percella alleges defendant City of Bayonne terminated her employment in retaliation for her filing a federal lawsuit against defendant alleging hostile environment discrimination and for her actions as vice president of the collective negotiations representative of certain of defendant's employees, and because she rebuffed defendant Mayor James M. Davis's (Davis) alleged sexually harassing conduct.[1] The complaint asserts five claims under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -50, and causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1 to -17. The complaint included claims against Davis that the court dismissed due to lack of prosecution.

Plaintiff appeals from a February 3, 2020 order dismissing the complaint with prejudice pursuant to Rule 4:23-5(a)(2) and Rule 4:23-2 for plaintiff's alleged failure to provide discovery and failure to comply with court orders directing her production of discovery. She also appeals from a May 22, 2020 order denying her motion for reconsideration of the dismissal order. Having reviewed the record in light of the applicable legal principles, we vacate the

---

[1] We refer to the allegations in plaintiff's amended complaint, which was filed on February 23, 2018.

February 3, 2020 order dismissing the complaint with prejudice and remand for further proceedings. Because we vacate the February 3, 2020 order, it is unnecessary to consider plaintiff's challenge to the order denying her motion for reconsideration.

Prior to addressing plaintiff's arguments, we consider defendant's claim the appeal from the February 3, 2020 order should be dismissed as untimely under Rule 2:4-1(a). Defendant previously moved to dismiss the appeal from the February 3, 2020 order on the same grounds as those asserted here, and this court entered a July 23, 2020 order denying the motion. Defendant filed a subsequent motion to dismiss the appeal as untimely and moot, and this court denied the motion, explaining "[d]efendant's prior motion to dismiss the appeal as untimely was denied on July 23, 2020. This motion, which essentially seeks reconsideration, was not filed within [ten] days and is untimely. See R. 2:11-6."

Defendant's persistence in again seeking a dismissal of the appeal from the February 3, 2020 order based on timeliness grounds will not be rewarded. We opt not to address again an argument we have previously rejected twice, first on the merits and second because defendant's request for reconsideration of our initial rejection of its dismissal motion was procedurally barred. See, e.g.,

A-3993-19

Lombardi v. Masso, 207 N.J. 517, 538 (2011) ("The law of the case doctrine teaches us that a legal decision made in a particular matter 'should be respected by all other lower or equal courts during the pendency of that case.'" (quoting Lanzet v. Greenberg, 126 N.J. 168, 192 (1991))).  For that reason alone, we reject defendant's claim we should not address the merits of plaintiff's challenge to the February 3, 2020 order.

Moreover, based on our review of the record, even assuming plaintiff's notice of appeal from the February 3, 2020 order was untimely under Rule 2:4-1(a), we otherwise exercise our discretion to consider plaintiff's notice of appeal as a motion for leave to file a notice of appeal out of time and grant the motion. As defendant acknowledges, plaintiff timely filed the notice of appeal from the order denying the motion for reconsideration of the February 3, 2020 dismissal order, and our consideration of the dismissal order is essential to the resolution of the issues presented by plaintiff's timely appeal from the order denying her reconsideration motion.  See, e.g., Potomac Aviation, LLC v. Port Auth. of N.Y. & N.J., 413 N.J. Super. 212, 221-22 (App. Div. 2010) (exercising the court's discretion to extend the time for filing an appeal from a summary judgment order where only the appeal from the denial of a reconsideration motion was timely, and the substantive issues presented and the judge's rulings and reasoning on

4

both motions were the same).  We therefore address plaintiff's appeal on the merits.

Plaintiff primarily argues the court erred by granting defendant's motion to dismiss the complaint with prejudice pursuant to Rule 4:23-5(a)(2).  Plaintiff contends defendant was not entitled to relief under the Rule because defendant failed to first obtain an order dismissing the complaint without prejudice and otherwise did not comply with the procedural requirements of Rule 4:23-5(a)(1). See, e.g., Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017) (explaining Rule 4:23-5's "two-step procedural paradigm . . . must be strictly adhered to before the sanction of dismissal of a complaint with prejudice for failing to answer interrogatories or provide other discovery can be imposed").

As the motion court correctly recognized in its statement of reasons denying plaintiff's reconsideration motion, it erred to the extent it entered the February 3, 2020 dismissal order under Rule 4:23-5(a)(2).  Defendant was not entitled to a dismissal with prejudice under Rule 4:23-5(a)(2) because it did not comply with the procedural prerequisites for such relief in Rule 4:23-5(a)(1). See Thabo, 452 N.J. Super. at 368-71.

The court, however, explained its February 3, 2020 order also dismissed the complaint with prejudice pursuant to Rule 4:23-2(b)(3), which permits a

court to strike a pleading "with or without prejudice" where "a party fails to obey an order to provide or permit discovery." R. 4:23-2(b)(3). The court therefore denied defendant's motion for reconsideration, finding the February 3, 2020 dismissal order was properly entered in accordance with Rule 4:23-2(b)(3).

Because the court concluded dismissal of the complaint was not proper under Rule 4:23-5(a)(2), it is unnecessary to address plaintiff's claim the February 3, 2020 and May 22, 2020 orders should be reversed based on the court's misapplication of the Rule. Any claim the court erred by dismissing the complaint pursuant to Rule 4:23-5(a)(2) is moot because, in the end, the court did not dismiss the complaint pursuant to the Rule. Instead, the court made clear it entered the February 3, 2020 dismissal order pursuant only to Rule 4:23-2(b)(3). As a result, the singular issue presented is whether the court erred by dismissing the complaint with prejudice in accordance with Rule 4:23-2(b)(3).

I.

During oral argument on defendant's motion to dismiss the complaint, the court observed the "case has a long and tortured history . . . with regard to discovery . . . deficiencies." To be sure, discovery proceeded slowly in part because plaintiff changed attorneys during the course of the litigation, successively using three different attorneys to prosecute her case prior to its

6

dismissal on February 3, 2020, and plaintiff's responses to defendant's discovery demands were not timely provided. Ultimately, however, the court dismissed the complaint with prejudice pursuant to Rule 4:23-2(b)(3), which permits dismissal of a complaint with prejudice based on a plaintiff's failure to comply with court orders. Abtrax Pharms., Inc. v. Elkins-Sinn, 139 N.J. 499, 513-14 (1995) (quoting R. 4:23-2(b)).

Here, we focus on the court's August 15, 2019 and November 8, 2019 case management and discovery orders because they are the only court orders in the record directing plaintiff's compliance with her discovery obligations, and they are the orders the court, at least in part, relied on to support its dismissal of the complaint with prejudice under Rule 4:23-2(b)(3). Based on the record presented on appeal, we find it appropriate to detail the facts pertinent to the entry of the orders and plaintiff's alleged failure to comply with them.

The Complaint

Plaintiff's complaint alleges she was employed by defendant for sixteen years, from 2001 to 2016, and, during her employment, she served as "the duly elected [v]ice [p]resident" of a collective negotiations representative of employees working for defendant. Plaintiff alleges her employment was terminated in 2016 in retaliation for actions she took on behalf of the employees

in the collective negotiations unit and in response to a 2014 federal lawsuit she filed against defendant and two individuals. According to the complaint, plaintiff's federal lawsuit claimed she was subject to unlawful hostile environment discrimination and retaliation.

The complaint also alleges plaintiff had known Davis for thirty-five years, and she supported his efforts to become elected defendant's mayor in 2014. According to the complaint, following his election, Davis engaged in "a pattern and practice . . . of using the workplace to satisfy his personal sexual and romantic needs." More particularly, the complaint details a series of sexually suggestive, lurid, and inappropriate text messages Davis allegedly sent to plaintiff's phone. Plaintiff detailed the messages in her complaint and attached copies of the messages to the complaint. Plaintiff also alleged Davis offered to settle and resolve her federal litigation by defendant paying plaintiff $150,000 if she "commit[ted] to involving herself romantically with" him. Plaintiff alleged the termination of her employment was motivated in part by her refusal to "succumb to . . . Davis'[s] sexual entreaties."

Defendant's Initial Discovery Demands

Defendant filed its answer to the complaint in August 2018, and the court first ordered an August 17, 2019 discovery end date. In February 2019,

defendant obtained new counsel. In March 2019, seven months after defendant filed its answer, it served plaintiff's then-counsel with interrogatories and document demands. Plaintiff did not timely file responses to defendant's discovery requests. In June 2019, plaintiff obtained new counsel.

In June 2019, defendant's counsel sent plaintiff's new counsel the interrogatories and document demands and granted plaintiff's counsel an additional thirty days to provide responses. Plaintiff's counsel did not provide responses within the extended time. In July 2019, defendant's counsel advised plaintiff's counsel that she intended to file a motion to dismiss the complaint if responses were not received by July 24, 2019.

On July 22, 2019, defendant moved to extend the August 17, 2019 discovery end date, in part because plaintiff's responses to defendant's discovery demands were overdue. Three days later, defendant also moved to dismiss the complaint without prejudice pursuant to Rule 4:23-5(a)(1). Plaintiff's counsel wrote to the court, stating the parties were engaged in settlement discussions in plaintiff's pending federal lawsuit against defendant. Plaintiff's counsel advised settlement of the federal litigation would result in a resolution of the pending state court case. Counsel requested a case management conference and a ninety-day extension of the discovery end date.

The August 15, 2019 Order

The court held a conference and entered an August 15, 2019 order that, in pertinent part, required plaintiff serve her written discovery demands by August 21 and respond to defendant's written discovery demands by August 30. The order also required the completion of party and fact witness depositions by November 15, 2019. The court did not decide defendant's motion to dismiss the complaint based on plaintiff's failure to provide responses to its initial interrogatories and document demands. The motion to dismiss remained pending.

On August 15, defendant also served plaintiff with supplemental interrogatories and document demands. The record on appeal does not make clear whether the August 15, 2019 order directing that plaintiff supply responses to defendant's written discovery demands by August 30 also applied to defendant's supplemental discovery demands. In an August 30, 2019 order, the court granted defendant's motion to extend the discovery end date until November 15.

A-3993-19

<u>Discovery Following the August 15, 2019 Order</u>

On September 10, 2019, plaintiff's counsel served plaintiff's responses to defendant's initial interrogatories and document demands. In her responses to three of the document demands, plaintiff referred defendant to documents she produced to defendant in the federal litigation. In response to one of those three document demands—which requested plaintiff produce text messages between plaintiff and defendant—plaintiff also referred defendant to the text messages annexed to the complaint.[2] In response to document demands requesting "phone records" between plaintiff and Davis "from January 1, 2012 to the present," plaintiff stated she did not possess such records.

In a September 11, 2019 letter to the court, plaintiff's counsel explained the responses to defendant's discovery demands were delivered on September 10—ten days after the due date in the August 15 order—and offered a reason for the delay; counsel stated plaintiff's son had been "gravely ill and hospitalized in the ICU." Plaintiff's counsel requested that the court advise her of the status of defendant's pending motion to dismiss the complaint based on the alleged failure to provide discovery. On September 11, defendant withdrew its motion, and its

---

[2] Annexed as an exhibit to the complaint included in plaintiff's appendix on appeal are twelve pages of alleged text messages between plaintiff and Davis.

counsel advised the court it was reviewing plaintiff's discovery responses "for responsiveness."

Plaintiff did not serve her written discovery demands in accordance with the August 21 deadline set forth in the August 15 order. Instead, plaintiff's counsel served plaintiff's written discovery demands more than one month late, on September 25.[3] Plaintiff's counsel also filed a motion seeking leave to serve her discovery demands out of time. Plaintiff's counsel certified the demands were delivered late because she was new to the case, she had been involved in an automobile accident, and plaintiff's son had been in the hospital. The court later denied plaintiff's motion because it did not include "a list of proposed discovery and deadlines" as required by Rule 4:24-1(c).

In a September 25, 2019 letter to plaintiff's counsel, defendant's counsel detailed what she claimed were deficiencies in plaintiff's responses to defendant's interrogatories and document demands. On the same date, defendant served plaintiff's counsel with Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320, medical record release forms (HIPAA forms) for plaintiff to sign and return.

---

[3] We note the parties and court variously, and inconsistently, refer to plaintiff's written discovery demands as having been served on September 22 and 25, 2019.

In early October, defendant filed a motion to compel the deposition of plaintiff because defense counsel had not received dates for the deposition from plaintiff's counsel. Six days later, defendant withdrew the motion because plaintiff's deposition was scheduled for a date later in the month.

On October 16, 2019, plaintiff executed several HIPAA forms; however, she modified the forms by limiting the timeframe of the records to be released. On the same date, defense counsel advised plaintiff's counsel that plaintiff must execute the HIPAA forms for the entire timeframe requested; reminded plaintiff's counsel plaintiff's responses to interrogatories and document requests were deficient because they referred defense counsel to documents in the federal litigation; and noted plaintiff owed defendant responses to the supplemental written discovery demands that were served on August 15.

On October 23, 2019, plaintiff again moved for leave to extend discovery to serve her written discovery demands outside of the time prescribed in the August 15 order. As reasons for the delay in timely serving the demands, plaintiff's counsel certified: she had only recently commenced her participation

A-3993-19

in the case; she had been in a car accident; she had been busy with other matters; and plaintiff's son was in the hospital.[4]

The next day, defense counsel deposed plaintiff. During the deposition, plaintiff testified she did not know the location of the phone she had used when she exchanged text messages with Davis, and she had not seen the phone in a few years. Defense counsel reserved the right to re-depose plaintiff because plaintiff had not returned the HIPAA forms or complete responses to defendant's written discovery demands prior to the deposition. In response to plaintiff's motion to extend the time within which she could serve written discovery demands, defendant's counsel sent the court a letter noting she reserved her right to depose plaintiff again due to plaintiff's alleged failure to properly provide the HIPAA forms.

The November 8, 2019 Order

On October 28, 2019, defendant again moved to dismiss the complaint for failure to make discovery based on plaintiff's alleged failure to respond to written discovery demands and provide signed HIPAA forms. On November 8,

---

[4] The record on appeal does not include an order directly disposing of plaintiff's motion. However, in its November 8, 2019 order, the court directs defendant to respond "to plaintiff's . . . written discovery demands no later than December 20, 2019."

2019, defendant withdrew the motion, and the court entered an order extending the discovery end date to March 20, 2020 and scheduling a trial date for June 29, 2020.

The November 8, 2019 order also directed that: defense counsel serve revised HIPAA forms by November 22, 2019;[5] defendant respond to plaintiff's discovery demands by December 20, 2019; the parties complete non-party witness depositions by January 17, 2020; the parties complete the re-depositions of plaintiff and all fact witnesses by January 24, 2020; and the parties complete expert reports and expert depositions by specified dates leading up to March 20, 2020. Importantly, the November 8, 2019 order imposed only two requirements directly on plaintiff; the order required plaintiff serve fully-executed HIPAA forms on defendant by December 6, 2019, and respond to defense counsel's September 25, 2019 "deficiency letter regarding written discovery responses by November 29, 2019."[6] The order did not require that plaintiff provide responses to any written discovery demands previously served by defendant.

---

[5] The record on appeal does not reflect the reason the court ordered revised HIPAA forms.

[6] The transcript of the November 8, 2019 hearing is not included in the record on appeal. It is claimed that during the hearing, the court orally advised plaintiff it would dismiss the complaint with prejudice if she did not serve fully-executed

A-3993-19

Discovery Following the November 8, 2019 Order

On November 19, 2019, defense counsel sent HIPAA forms to plaintiff's counsel. On November 29, 2019, the day plaintiff's response to defense counsel's deficiency letter was due, plaintiff's counsel advised defense counsel she could not meet the deadline because plaintiff was in the hospital. On December 3, 2019, defense counsel reminded plaintiff's counsel the November 8, 2019 order required plaintiff to serve her response to the deficiency letter by November 29, 2019, and advised plaintiff's counsel she would file a motion to dismiss the complaint with prejudice. Plaintiff's counsel replied, stating plaintiff was discharged from the hospital on December 2, 2019, and counsel needed plaintiff's help preparing the response. Plaintiff's counsel also stated she was "not with a big law firm" and had "other cases, not just this one."

On December 3, 2019, defense counsel also served a notice to re-depose plaintiff on January 14, 2020. Additionally, according to defendant's counsel, during a December 5, 2019 conference with the federal court in the federal litigation, plaintiff's counsel said plaintiff "found" her phone. On December 17,

_____

HIPAA forms by December 6, 2019. We note the November 8, 2019 order does not state the complaint would be dismissed if plaintiff failed to provide the release forms by the December 6, 2019 deadline.

2019, defense counsel served additional HIPAA forms after responses to discovery demands provided by plaintiff revealed previously undisclosed doctors she had seen.

In a December 20, 2019 email, plaintiff's counsel advised defendant's counsel the noticed January 14, 2020 re-deposition of plaintiff "will not work for us," and plaintiff's counsel was "scheduling depositions on a multi-attorney case and [would] get back to" defendant's counsel. On December 23, 2019, defense counsel served a notice to re-depose plaintiff on January 16, 2020.

Defendant's Motion to Dismiss the Complaint with Prejudice

On December 23, 2019, defendant moved to dismiss the complaint with prejudice pursuant to Rule 4:23-5(a)(2) and based on plaintiff's alleged violations of the August 15 and November 8 orders.[7] Defendant's motion was founded on five separate claims.

First, defendant argued plaintiff failed to timely provide the signed HIPAA forms in accordance with the November 8, 2019 order, and failed to provide "Apple logs regarding the 'texts' . . . in response to [defendant's] August

---

[7] Defendant's notice of motion to dismiss the complaint refers only to Rule 4:23-5. Its papers in support of the motion, however, make clear it sought dismissal based on plaintiff's alleged violations of the August 15 and November 8, 2019 orders as well.

15, 2019 supplemental document request." Defendant alleged those failures effectively prevented defendant from re-deposing plaintiff by the January 24, 2020 deadline in the November 8, 2019 order.

Second, defendant argued that on November 18, 2019, it served plaintiff with revised HIPAA forms in accordance with the November 8 order and two additional HIPAA forms in December based on documents plaintiff provided, and plaintiff had not returned executed forms by December 6 as required by the November order.

Third, defendant alleged plaintiff failed to respond to defendant's counsel's September 25, 2019 deficiency letter as required by the November 8 order.

Fourth, defendant asserted plaintiff failed to depose or schedule the depositions of any fact witnesses in accordance with the November 8 order.

Last, defendant claimed plaintiff failed to produce all requested documents, including all text messages between her and Davis, and failed to produce her phone, which defendant sought for a forensic examination.

Plaintiff's counsel filed a January 22, 2020 certification in response to defendant's motion. In reply to defendant's first two claims—that plaintiff failed to provide signed HIPAA forms by December 5 as required by the November 8

order, and failed to provide Apple text logs—plaintiff's counsel stated she received "most of the executed HIPAA forms" from plaintiff on December 5, 2019, but she "overlooked sending them to . . . defendant's counsel, and [defense] counsel never asked . . . for them before bringing the motion." Plaintiff's counsel sent the executed HIPAA forms to defendant's counsel on January 3, 2020, almost a month after they were provided by plaintiff and were due under the November 8 order, and eleven days after defendant filed its motion to dismiss the complaint. Plaintiff's counsel represented that at the time of her January 22, 2020 certification, she had "returned all the executed HIPAA forms to defendant."

Plaintiff's counsel also disputed defendant's claimed need for Apple logs regarding plaintiff's text messages, explaining defendant obtained 28,000 pages of plaintiff's cellphone records from her cellphone carrier.[8] Plaintiff's counsel also referred to plaintiff's deposition testimony that she had been advised "the text messages were too old for her to get a text log using the website . . . defendant[] requested that she use." Counsel asserted plaintiff could not "produce what does not exist," and questioned defendant's claimed

---

[8] Neither the August 15 nor November 8 order directed plaintiff to produce text message logs.

need for cellphone data because Davis admitted sending the offensive text messages annexed to the complaint.

Plaintiff's counsel's certification disputed defendant's third claim that plaintiff failed to comply with the November 8 order's directive that she respond to defendant's September 25, 2019 deficiency letter by November 29. Plaintiff's counsel responded to the deficiency letter, albeit almost two months late, on January 22, 2020.

Plaintiff's counsel also disputed defendant's fourth claim that she failed to depose or schedule the depositions of any fact witnesses in accordance with the November 8 order. Plaintiff's counsel represented she issued deposition notices "in the fall." She explained, however, that she "had not had a chance to go through [defendant's] discovery responses," which she described as "voluminous." She also asserted defendant failed to provide Davis's personnel file in its response to plaintiff's discovery demands, and that defendant had "only just produced documents on December 20." Plaintiff's counsel stated she "would like to review [defendant's] responses before doing depositions," and "[t]he previous schedule [did] not permit this."

Plaintiff's counsel further addressed defendant's fifth claim—that plaintiff failed to produce all requested documents, including the text messages between

20

her and Davis, and failed to produce her phone. Counsel explained "plaintiff produced all text messages between herself and Davis," and referred defendant by document number to the text messages provided in response to defendant's document demands. Counsel also stated plaintiff does not have the phone defendant requested that she produce.

Plaintiff's counsel also offered a more general explanation for the delays in providing the requested discovery and the failure to strictly comply with the requirements of the November 8, 2019 order. Plaintiff's counsel stated:

> [Plaintiff] was hospitalized on Thanksgiving, and her husband had to have surgery shortly afterwards. . . . I have been tied up preparing an appellate brief, I have been suffering from debilitating migraine headaches likely related to a rollover car crash in August, I had to attend a funeral earlier this month of a dear friend, and I have discovery closing in a federal case that is much older than this case (2016). I also have a federal trial for which the pretrial conference is scheduled the second week in February. In addition, I am the caregiver for my brother who is a paraplegic. I am overloaded with work.

Plaintiff's counsel certified plaintiff was "unhappy with [her] representation and has instructed [her] to file a motion for withdrawal." Plaintiff's counsel opined the disruption "will harm" plaintiff, but counsel stated she would file the motion for withdrawal "shortly."

21

On January 29, 2020, the court heard argument on defendant's motion and reserved decision. On February 3, 2020, plaintiff's counsel filed a February 1, 2020 certification from plaintiff in opposition to the motion.[9] Plaintiff offered an explanation for some of the delays in responding to defendant's discovery demands and in complying with the court's orders. Plaintiff stated her twenty-five-year-old son was gravely ill during August 2019 and was in the ICU of a hospital on a respirator for "over a week." Plaintiff was also admitted to the hospital on Thanksgiving, and her husband had a December 10 surgical procedure. Plaintiff noted it was during the period from August through December that defendant filed numerous demands for information and documents and filed a series of motions.

Plaintiff also noted that on December 5, 2019, defendant received "103 pages in chronological order . . . of all text messages" and, on October 31, 2019, received "over 28,000 pages of log records of texts and calls from [her] phone and all [her] contacts for 8 years." Plaintiff disputed defendant's claim she could download Apple iMessage link information, explaining she had attempted to do so, but was advised by her cellphone carrier the information was no longer

---

[9] Although plaintiff's certification was filed following argument on the motion, the court considered it. In its written statement of reasons on the reconsideration motion, the court references the certification.

available because the telephone number she used when receiving texts from Davis "was no longer in use for this plaintiff." Plaintiff further explained she could not produce the phone defendant requested because she does not have it.

In a February 3, 2020 written statement of reasons, the court found dismissal with prejudice was appropriate under the circumstances because the discovery plaintiff provided was "untimely and piecemeal, at best"; another judge warned plaintiff on November 8, 2019 that her case would be dismissed with prejudice if she did not supply fully-executed HIPAA forms; plaintiff consistently failed to provide discovery and failed to comply with two court orders relating to discovery; and the case already had 216 more days of discovery than the Rules allotted for Track 3 cases. The court also found it "concerning that the phone containing the messages at the heart of this case cannot be found." The court found dismissal with prejudice was appropriate under Rule 4:23-5(a)(2) and Rule 4:23-2.

Plaintiff obtained new counsel, who filed a motion for reconsideration. Plaintiff's counsel argued the court erred by dismissing the complaint with prejudice because there was no order of dismissal without prejudice under Rule 4:23-5(a)(1), and defendant never moved to compel under Rule 4:23-5(c) before moving to dismiss with prejudice under Rule 4:23-5(a)(2). Plaintiff's counsel

23

also attached as exhibits five notices of deposition, dated October 17 and October 18, 2019, that plaintiff's prior counsel served on fact witnesses.

Defendant opposed the motion, arguing the court properly dismissed the complaint with prejudice pursuant to Rules 4:23-5(a)(2) and 4:23-2. In addition to reiterating the many discovery issues in the case, defendant asserted plaintiff had an audio recording of a hearing, but she refused to provide it because it contained conversations between plaintiff and her attorney.[10]

The court heard argument on the motion, and, on May 22, 2020, denied plaintiff's motion for reconsideration. As noted, in its written statement of reasons, the court recognized it erred in part by dismissing the complaint with prejudice under Rule 4:23-5(a)(2) because the complaint had not previously been dismissed without prejudice in accordance with Rule 4:23-5(a)(1). The court found the error harmless because it also had dismissed the complaint with prejudice pursuant to Rule 4:23-2(b)(3).

The court observed that in July 2019, defendant moved to dismiss without prejudice under Rule 4:23-5(a)(1) for plaintiff's failure to respond to interrogatories and produce documents, and the court instead held a case

___

[10] Plaintiff referred to the hearing in her responses to defendant's supplemental discovery requests.

A-3993-19

management conference and entered an August 15, 2019 case management order. The court found plaintiff then violated the August 15, 2019 order by failing to serve her written discovery demands by August 30, 2019, and plaintiff sought an extension of the discovery deadline from the court, claiming she could not meet the deadline because she and counsel had various health and family-related issues.

The court explained that in October, defendant moved a second time to dismiss based on plaintiff's allegedly deficient answers to discovery requests, and defendant withdrew the motion when the court entered a November 8, 2019 order extending discovery and revising the dates discovery was due. The court found that during the November 8 hearing another judge warned plaintiff her case would be dismissed with prejudice if she did not provide fully-executed HIPAA forms. The court stated it received a letter from defense counsel, advising that plaintiff served the HIPAA forms late and failed to fully-execute all of them. The court, however, made no mention of plaintiff's counsel's certification stating all the HIPAA authorizations had been provided, albeit late because of her workload, illness, and the fact that she "overlooked" providing the forms plaintiff timely provided to her on December 5, 2019. The court acknowledged plaintiff's counsel had represented the HIPAA forms were

A-3993-19

provided on January 3, 2020, twenty-eight days late.[11]  And, in her certification opposing defendant's motion, plaintiff's counsel represented that all of the outstanding HIPAA forms had been provided to defendant's counsel.

The court also referred to the circumstances surrounding the requests for the production of plaintiff's phone and text messages.  The court observed it was unclear whether plaintiff actually had her phone.  The court found plaintiff represented to the judge in the federal litigation that she had found the phone she used to exchange texts.  The record, however, reflects only that plaintiff's counsel told the federal judge plaintiff had found her phone.  There is no evidence plaintiff made any statement to the federal judge concerning the status of her phone, and in her February 1, 2020 certification, plaintiff states she does not have the phone.  Indeed, the court noted plaintiff submitted a March 18,

---

[11]  Defendant's counsel advised two of the HIPAA forms had not been signed. It is unclear whether the forms that were completed were those first served by defendant in December 2019, following the November 20, 2019 due date for defendant's service of revised HIPAA forms under the November 8 order.  The record does not show defendant obtained permission from the court to serve additional HIPAA forms following the November 20 deadline in the order.  The record also does not include an order directing that plaintiff provide executed HIPAA forms that were first served on her following the November 20, 2019 deadline, and it appears defendant served two HIPAA forms on plaintiff after the December 6, 2019 due date for her return of fully-executed forms set forth in the November 8 order.  Plaintiff could not have violated the November 8 order by failing to return executed HIPAA forms that were first provided to her following the December 6 due date set forth in the order.

A-3993-19

2017 receipt for the purchase of a new iPhone that the court found "suggest[ed]," but did not dispositively prove, plaintiff lost the phone she used to exchange text messages with Davis.

The court also parsed statements made by plaintiff and her then-counsel regarding their production of all text messages between plaintiff and Davis, found the statements appeared contradictory, and concluded it was "unclear whether [plaintiff] turned over all of her text messages." In apparent recognition the record presented a fact issue as to whether plaintiff had turned over all of the pertinent text messages that the court found "go[] to the heart of [p]laintiff's case," the court observed only that "[i]f less than all of the texts have been served, then [p]laintiff is withholding discovery in violation of the court's orders."

The court further found plaintiff's discovery responses were deficient because they referred defendant to documents that were produced discovery in the federal litigation, failed to identify specific documents, and stated documents were already in defendant's possession. The court found plaintiff failed to provide documents responsive to defendant's supplemental document demands that "go[] to the heart of [p]laintiff's case," including "iMessage logs containing the text messages supporting" plaintiff's sexual harassment and wrongful

termination claims. The court rejected plaintiff's claim, contained in her certification, that she could not retrieve the logs because they were no longer available. The court accepted defendant's counsel's argument plaintiff did not follow the appropriate procedure to obtain the logs from the carrier, stating it "agree[d] with [d]efendant that [plaintiff's] confusion does not remove her obligation to produce" the logs.

The court found "it is difficult to ascertain[, with respect to the] outstanding discovery[,] where counsel's errors end and where [p]laintiff's actions begin," but then incongruously, and without reference to any action or inaction by plaintiff, concluded plaintiff was not a "blameless client." The court found neither plaintiff nor her prior counsel "appears to have been particularly diligent in serving or responding to discovery in this matter," and concluded that "[a]t worst, [p]laintiff's actions[, which the court did not define,] appear contumacious and willful."

The court concluded plaintiff "simply has not complied with the rules of discovery, warranting dismissal of her case with prejudice." The court entered the May 22, 2020 order denying plaintiff's motion for reconsideration of the February 3, 2020 order dismissing the complaint with prejudice. This appeal followed.

II.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless an injustice appears to have been done."  Abtrax Pharms., 139 N.J. at 517.  A court abuses its discretion when its "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Our "[d]iscovery rules are designed 'to further the public policies of expeditious handling of cases, avoiding stale evidence, and providing uniformity, predictability[,] and security in the conduct of litigation.'"  Abtrax Pharms., 139 N.J. at 512 (quoting Zaccardi v. Becker, 88 N.J. 245, 252 (1982)). "It necessarily follows, if such rules are to be effective, that the courts impose appropriate sanctions for violations thereof."  Oliviero v. Porter Hayden Co., 241 N.J. Super. 381, 387 (App. Div. 1990) (quoting Evtush v. Hudson Bus Transp. Co., 7 N.J. 167, 173 (1951)).

Rule 4:23-2 allows for dismissal of a complaint "with or without prejudice" in response to a party's failure to comply with an order to provide discovery:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under [Rule] 4:23-1, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the introduction of designated matters in evidence;
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof with or without prejudice, or rendering a judgment by default against the disobedient party;
>
> (4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court

finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

[R. 4:23-2(b).]

A "trial court has an array of available remedies to enforce compliance with a court rule or one of its orders." Williams v. Am. Auto Logistics, 226 N.J. 117, 124 (2016) (quoting Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005)). A "court must . . . carefully weigh what sanction is the appropriate one, choosing the approach that imposes a sanction consistent with fundamental fairness to both parties." Id. at 125 (alteration in original) (quoting Robertet Flavors, 203 N.J. at 282-83). In its selection of a sanction, a court must consider "[t]he varying levels of culpability of delinquent parties," Georgis v. Scarpa, 226 N.J. Super. 244, 251 (App. Div. 1988), and "[t]he extent to which [one party] has impaired [the other's] case may guide the court in determining whether less severe sanctions will suffice," Williams, 226 N.J. at 125 (second and third alterations in original) (quoting Gonzalez, 185 N.J. at 116); see also Casinelli v. Manglapus, 181 N.J. 354, 365 (2004) (explaining a determination whether dismissal is appropriate requires an assessment of the "facts, including the willfulness of the violation, the ability of plaintiff to produce the [outstanding discovery], the proximity of trial, and prejudice to the adversary").

31

The "ultimate sanction of dismissal" is to be used "only sparingly." Abtrax Pharms., 139 N.J. at 514 (quoting Zaccardi, 88 N.J. at 253). "If a lesser sanction than dismissal suffices to erase the prejudice to the non-delinquent party, dismissal of the complaint is not appropriate and constitutes an abuse of discretion." Georgis, 226 N.J. Super. at 251; see also Robertet Flavors, 203 N.J. at 274 (recognizing dismissal as the "ultimate sanction" to "be ordered only when no lesser sanction will suffice to erase the prejudice" (citations omitted)); Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004) (explaining a dismissal of a claim for failure to comply with discovery is "the last and least favorable option"). "The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious." Abtrax Pharms., 139 N.J. at 514 (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)).

Here, the court dismissed plaintiff's complaint pursuant to Rule 4:23-2(b)(3) which, as noted, permits a dismissal with prejudice where "a party fails to obey an order to provide or permit discovery." The court's decision, however, more broadly addresses plaintiff's alleged failures to generally comply with its discovery obligations under the Rules during the litigation. In fact, the court

concludes plaintiff's complaint should be dismissed with prejudice because she failed to comply with the "rules of discovery" and not based on the more particularized finding required for relief under Rule 4:23-2(b)(3)—that dismissal with prejudice is appropriate based on plaintiff's failure "to obey an order to provide or permit discovery."

The record shows plaintiff and her counsel did not fully comply with the deadlines for responding to discovery in accordance with the applicable rules. Defendant may have properly moved for relief based on those failures—and in fact moved on a number of occasions for relief based on them—under different rules. See, e.g., R. 4:23-1 (providing for a motion to compel discovery based on a party's failure to respond or provision of an evasive or incomplete response); R. 4:23-5 (providing for a motion to strike pleadings based on a failure to provide discovery). Here, however, defendant sought and obtained the dismissal order under Rule 4:23-2(b)(3), which permits a dismissal based solely on a party's failure to obey a court order. See Abtrax Pharms., 139 N.J. at 513 (observing "Rule 4:23-2(b) authorizes the imposition of sanctions for failing to comply with a court order"); Rubin v. Tress, 464 N.J. Super. 49, 56 (App. Div. 2020) (stating that under Rule 4:23-2(b), one of the sanctions a court may impose on a party that fails "to obey an order to provide or permit discovery" is

to dismiss the complaint "with or without prejudice" (quoting R. 4:23-2(b))).

Thus, the court could only properly impose the ultimate sanction of dismissal with prejudice under Rule 4:23-2(b)(3) based on plaintiff's failure to comply with a court order. See Abtrax Pharms., 139 N.J. at 513-14; Rubin, 464 N.J. Super. at 56.

The court's decision to dismiss the complaint with prejudice under Rule 4:23-2(b)(3) was not based solely on plaintiff's alleged violations of court orders. For example, the court dismissed the complaint with prejudice in part based on plaintiff's prior failures to provide discovery generally as required by the rules, and also due to plaintiff's alleged failure to produce her phone, texts, and iMessage logs. Indeed, the court weighed heavily the alleged failure to provide those items, finding they went to the essence of plaintiff's case—her claim she was sexually harassed via text message by Davis.[12] The record, however, is devoid of an order directing plaintiff's production of any of those items. If those items were not provided in response to a discovery demand,

---

[12] The court's finding the text messages went to the essence of plaintiff's case appears not to be entirely accurate. The text messages appear to be at the center of her sexual discrimination claims under the LAD, but plaintiff's complaint includes other claims, including that she was terminated in retaliation for activities as vice president of the collective negotiations representative of defendant's employees.

defendant should have moved either for any order compelling plaintiff to provide responses, see R. 4:23-1, or to dismiss the complaint without prejudice pursuant to Rule 4:23-5(a)(1), based on the alleged failure. Lacking any order directing that plaintiff produce those items, defendant was not entitled to relief under Rule 4:23-2(b)(3) based on plaintiff's alleged failure to produce them.

The court also erred by relying on plaintiff's purported failure to provide the items because, as the court acknowledged, there was conflicting evidence presented as to whether plaintiff was in possession of, or had access to, them. It was error for the court to find plaintiff failed to comply with her discovery obligations because she presented competent evidence—her and her then-counsel's certifications—asserting she did not have any additional text messages or her phone, and she could not access the message logs. To the extent defendant presented any competent evidence disputing plaintiff's assertions, the court should have resolved any pertinent fact issues at an evidentiary hearing. See Walker v. Choudhary, 425 N.J. Super. 135, 147-48 (App. Div. 2012). Instead, the court made credibility determinations—rejecting plaintiff's version of the pertinent events—based on conflicting certifications. See K.A.F. v. D.L.M., 437 N.J. Super. 123, 137-38 (App. Div. 2014) (explaining a court cannot make

credibility determinations based on conflicting affidavits or certifications).  It was error for the court to do so.  Ibid.

The court also erred by finding a violation of the August 15, 2019 order required dismissal of the complaint with prejudice.  The August 15 order directed plaintiff to do only two things.  It first required plaintiff to serve discovery responses to defendant by August 30, 2019.  Plaintiff failed to comply with the requirement.  She served her discovery responses ten days late, and, in response, defendant withdrew a motion it had filed to dismiss the complaint based on the violation of the order.  When defendant filed its motion to dismiss with prejudice on December 23, 2019 under Rule 4:23-2(b)(3), plaintiff was not in violation of the portion of the August 15 order requiring that she respond to defendant's discovery demands, and defendant could not demonstrate any prejudice resulting from the tardy responses.  Indeed, as noted, after receiving the responses, defendant withdrew its then-pending motion to dismiss the complaint, noting it intended to review the responses only for deficiencies.  We are convinced the short delay in providing the discovery responses could not provide a proper basis for the ultimate sanction of dismissal ordered on February 3, 2020.

The August 15 order also required that plaintiff serve her discovery demands on defendant by August 21, 2019. Plaintiff ignored this requirement and served her discovery demands more than a month later, on September 25. Plaintiff recognized her failure; she moved for leave to serve her discovery demands out-of-time. The motion was subsequently denied on procedural grounds, and later refiled. Any issues related to the late delivery of the demands were resolved by the November 8 order which directed that defendant respond to plaintiff's discovery demands by December 20, 2019. Thus, by the time defendant filed its motion to dismiss the complaint with prejudice in late December 2019, and the court decided the motion on February 3, 2020, any issues related to the late service of the discovery demands had been resolved.

Moreover, although the motion court cited plaintiff's failure to timely serve her discovery demands by the deadline imposed by the August 15 order, a dismissal of plaintiff's complaint with prejudice based on that failure is manifestly erroneous because plaintiff had no obligation to serve discovery demands in the first instance. The August 15 order did not require that plaintiff serve discovery demands. It provided only that plaintiff serve her discovery demands by a date certain, if she chose to serve them at all. An order dismissing a complaint with prejudice based on a plaintiff's failure to serve discovery

A-3993-19

demands is never appropriate because a lesser sanction for such a failure—striking the discovery demands—is always available. See generally Georgis, 226 N.J. Super. at 251 (noting it is an abuse of discretion to dismiss a complaint with prejudice where a lesser sanction than dismissal is sufficient to erase any prejudice to defendant).

In sum, when defendant filed its motion to dismiss the complaint with prejudice, there is no evidence plaintiff was in violation of the August 15, 2019 order. As a result, any alleged violation of the August 15 order could not support imposition of the sanction of last resort—dismissal of plaintiff's complaint with prejudice on February 3, 2020.

Similarly, and in pertinent part, the November 8, 2019 order required only that plaintiff provide signed HIPAA forms by December 6, 2019 and respond to defense counsel's deficiency letter regarding written discovery responses by November 29, 2019.[13] It is undisputed plaintiff did not timely comply with the

_____

[13] In part, the court found plaintiff violated the November 8, 2019 order by failing to provide responses to defendant's supplemental discovery demands by November 29, 2019. The court's finding is inaccurate and contradicted by the plain language of the order. The November 8 order required plaintiff's response to defendant's September 25, 2019 deficiency letter by November 29; the order makes no mention of a deadline for plaintiff's responses to the August 2019 supplemental written discovery demands, and the order does not require that plaintiff provide responses to those demands.

A-3993-19

deadlines imposed by the court's order. By early January 2020, however, plaintiff's counsel delivered the HIPAA forms and, prior to oral argument on defendant's motion to dismiss, plaintiff's counsel delivered a response to the deficiency letter. As such, the record before the court when it decided the dismissal motion was that plaintiff supplied the requisite HIPAA forms and letter as required by the November 8 order, but delivered each a few weeks late. The record also showed plaintiff's counsel explained that illness and the press of other business in her practice delayed the provision of the items in accordance with the deadlines in the order. In her certification, plaintiff also addressed the circumstances surrounding the delivery of discovery.

In its decision, the court did not consider or address plaintiff's counsel's explanation for the delay in providing the HIPAA forms and letter; determine or make reasoned findings concerning the culpability of plaintiff or her then-counsel; or consider the manner in which the delay in providing the information impaired defendant's case, if at all.[14] See Williams, 226 N.J. at 125; Georgis,

---

[14] The court made vague and confusing findings concerning plaintiff and her then-counsel's purported culpability for the delay in providing the deficiency letter and HIPAA forms in accordance with the November 8 order. The court did not actually find either plaintiff or her then-counsel acted willfully or contumaciously in failing comply with the November 8 order's deadlines. Instead, the court only concluded that "[a]t worst, [p]laintiff's actions appear

226 N.J. Super. at 251. The court also failed to address, consider, or decide whether any of the other available sanctions, short of a dismissal with prejudice, was appropriate to address plaintiff's late delivery of the only two items the November 8 order required that she provide. See Georgis, 226 N.J. Super. at 251. The court also failed to "carefully weigh what sanction is the appropriate one, choosing the approach that imposes a sanction consistent with fundamental fairness to both parties," Robertet Flavors, 203 N.J. at 282-83, considering that, by the time the motion was argued and decided, plaintiff and her counsel represented they were in full compliance with the court's orders.

We do not excuse any failure to comply with a court order, but we are convinced the court abused its discretion by failing to apply the appropriate legal standard in assessing and deciding defendant's motion for dismissal with prejudice under Rule 4:23-2(b)(3). See Scurry, 193 N.J. at 504. We therefore

contumacious and willful." That vague finding is rendered even more confusing by the court's statement that "it is difficult to ascertain regarding the outstanding discovery where counsel's errors end and where [p]laintiff's actions begin." Those statements are untethered to any findings of fact concerning the actions or inactions of plaintiff, or her then-counsel. It is also unclear whether those statements are intended to apply generally to the court's determination that plaintiff failed to comply with discovery obligations under the rules or more specifically to any violation of the August 15 or November 8 orders. Of course, it is only a violation of the orders that provides a basis for relief under Rule 4:23-2(b)(3).

vacate the February 3, 2020 dismissal order and remand for reconsideration of defendant's motion in accordance with the standard applicable under the Rule. The court may in its discretion permit the submission of additional papers by the parties and shall hear oral argument. The court shall determine if an evidentiary hearing is required. We do not offer an opinion on the merits of defendant's motion. The remand court shall decide the motion based on the record presented. Because the motion court made credibility determinations, the matter shall be assigned to a different judge on remand. See R.L. v. Voytac, 199 N.J. 285, 306 (2009).

We do not address the merits of plaintiff's claim the court erred by denying its motion for reconsideration because we have determined the court abused its discretion by granting the dismissal motion in the first instance.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3993-19