SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

### Lamar Williams v. American Auto Logistics (A-10-15) (076004)

**Argued April 25, 2016 -- Decided July 28, 2016**

**FERNANDEZ-VINA, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a litigant may lose his constitutionally protected right to a jury trial as a sanction for failure to comply with procedural rules. The case also presents a question about the court rules applicable to the Superior Court, Law Division, Special Civil Part.

In February 2010, Williams had his car shipped from Alaska to New Jersey by defendant American Auto Logistics. After the car arrived, Williams inspected the car, found no apparent damage and drove away. On leaving, Williams found water in the trunk and returned to defendant's facility, where defendant's employees removed the accumulated water and offered a small amount of money for water damage. Williams rejected the offer, and sought a mechanic, who estimated the repairs would cost more than $10,000. Williams offered to settle, but defendant rejected the offer and refused to pay any damages. American Auto Logistics followed up by sending Williams a letter that disclaimed any responsibility and claimed the car was not damaged during shipping.

In October 2010, Williams filed suit, pro se, against defendant, raising several contract and tort claims. The complaint contained no jury demand. Defendant's answer included a jury demand, but the company later waived its jury demand. Williams objected, noting that he was informed that he would receive a trial by jury. The judge granted the request to waive the jury, explaining that Williams had failed to make any jury demand in his complaint. The judge also noted that Williams had failed to submit the requisite paperwork to the court pursuant to Rule 4:25-7, and denied Williams' request to retain the jury as a sanction for failure to comply. The court proceeded with a bench trial and found no merit to Williams' claims.

Williams appealed, arguing that the trial judge should have empaneled a jury. The Appellate Division reversed and remanded for a new trial. The panel cited Rule 6:5-3(d), which provides that "[i]f a jury is demanded and the demand is not withdrawn by consent, or if trial by jury is ordered by the court, the action shall be tried by jury." The panel acknowledged Rule 4:25-7's applicability as well, explaining that a trial judge may impose sanctions, including striking the jury demand, on a party that fails to submit the requisite pretrial information. Nonetheless, the panel concluded that the judge had erred in allowing a party to unilaterally waive the jury demand.

On remand, the case returned to the same trial judge. The judge struck Williams' jury demand for the second time, citing the panel's statement that waiver of a jury demand is an appropriate sanction for violation of Rule 4:25-7. The judge referred the matter to another judge for a new bench trial, and, in the second bench trial, the new trial judge also found in defendant's favor. Williams appealed again. He argued that the trial court had ignored the panel's instruction in its first opinion and contended that Rule 4:25-7 does not apply in the Special Civil Part. The appellate panel rejected those arguments and affirmed the trial court's rulings.

The Court granted Williams' petition for certification. 223 N.J. 353 (2015).

**HELD**: Trial courts may not deprive civil litigants of their constitutionally protected right to a jury trial as a sanction for failure to comply with a procedural rule. In addition, Rule 4:25-7 does not apply to proceedings in the Superior Court, Law Division, Special Civil Part.

1. The primary question presented by this appeal is whether trial courts may deprive litigants of their right to a jury trial as a sanction for failure to comply with procedural rules. New Jersey has upheld the importance of jury trials in constitutions that date back to the origins of our nation. See N.J. Const. art. XXII (1776) ("[T]he inestimable right of trial by jury shall remain confirmed as a part of the law of this Colony, without repeal, forever."); N.J. Const. art. I, § 7 (1844) ("The right of trial by jury shall remain inviolate . . . ."); N.J. Const. art. I, ¶ 9 (1947) ("The right of trial by jury shall remain inviolate . . . ."). New Jersey's jurisprudence confirms the strength of its commitment to

protecting the right to a jury. Generally, trial courts may not sanction litigants with the loss of a jury trial for failure to comply with procedural rules. Loss of a constitutional right should not be wielded as a penalty. (pp. 6-7)

2. In referring to the "right" to a jury trial, the Court notes that the concept of "rights" used in this opinion is not intended to imply that such rights extend beyond the contours already defined in the Court's jurisprudence. The Court's holding therefore applies only to cases in which a civil litigant has already established that he or she has a right to a jury. Further, the Court's holding is not intended to interfere with the expansive discretion that a trial court wields in managing its docket. Under the right circumstances, a trial court may hold a party in contempt, preclude a party from admitting evidence, enter an adverse inference against a party, impose payment of a penalty fee to the court or another party, or order a new trial. The trial court may even dismiss a litigant's complaint with prejudice. In sum, there are a panoply of sanctions in a trial court's arsenal. The Court's holding merely instructs that removing a party's constitutionally protected right to a jury trial is not among them. (pp. 7-9)

3. The second question presented in this appeal is whether Rule 4:25-7 applies to litigation in the Special Civil Part. Part VI of the rules governing state courts provides the rules governing litigation in the Law Division's Special Civil Part. Portions of Part VI incorporate by reference other rules contained within different parts of the Court Rules. Part IV, in turn, provides the rules governing practice in the Law and Chancery Divisions as well as the Tax Court. Within Part IV, Rule 4:25-7 contains instructions pertaining to pre-trial conferences and sets deadlines for the exchange of information between the parties. The rule also instructs the parties to submit certain materials to the trial judge before a jury trial, including voir dire questions, proposed jury instructions, and a proposed jury verdict form. The rule provides that "[f]ailure to exchange and submit all the information required by this rule may result in sanctions as determined by the trial judge." R. 4:25-7(b). (pp. 10-11)

4. Rule 4:25-7 does not apply to proceedings in the Special Civil Part. The Court reaches this result by applying the oft-stated principle of statutory construction that a specific statutory declaration prevails over a more general one. Rule 4:1 provides a general blanket statement indicating that Part IV applies to proceedings in the Law Division "except as otherwise provided in Part VI." Rule 6:4-2 is more specific. R. 6:4-2 ("[t]he pretrial conference procedure provided by Rule 4:25-1 to Rule 4:25-6, inclusive, may be employed in the court's discretion on its own motion or the motion of a party."). It names only Rules 4:25-1 through 4:25-6 as applicable to the Special Civil Part. As the more specific court rule, Rule 6:4-2 controls over Rule 4:1. Therefore, Rule 4:25-7 does not apply to proceedings in the Special Civil Part. That conclusion is buttressed by comments made by the Supreme Court Committee on Special Civil Part Practice when the Committee considered and rejected a proposal to amend Rule 6:4-2 to encompass the pretrial procedures described in Rule 4:25-7. That commentary provides persuasive support for the conclusion that Rule 4:25-7 does not apply in the Special Civil Part. (pp. 11-12)

5. Applying the reasoning above to the facts of this case, the trial court and Appellate Division erred in depriving Williams of his constitutionally protected right to a jury trial. Those courts also erred in applying Rule 4:25-7 to proceedings in the Special Civil Part. The matter is remanded to the trial court, with instructions that Williams be afforded a trial by jury on his claims against American Auto Logistics. (pp. 12-13)

6. Although it is not central to the Court's holding, the Court clarifies that a litigant's failure to submit proposed jury instructions to the court may be a sanctionable offense. "In assessing the appropriate sanction for the violation of one of its orders, the court must consider a number of factors, including whether the plaintiff acted willfully and whether the defendant suffered harm, and if so, to what degree." Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005) (citing Abtrax Pharms. v. Elkins-Sinn, 139 N.J. 499, 514 (1995)). Here, there was no indication that Williams' failure to submit the proposed jury instructions was willful or that it harmed American Auto Logistics in any significant way. Under these circumstances, a sanction merely for failure to submit proposed jury instructions would not have been warranted. (pp. 13-14)

The judgment of the Appellate Division is **REVERSED**, and the matter is **REMANDED** to the trial court for proceedings consistent with this decision.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUSTICE FERNANDEZ-VINA's opinion. JUDGE CUFF (temporarily assigned) did not participate.**

LAMAR WILLIAMS,

    Plaintiff-Appellant,

       v.

AMERICAN AUTO LOGISTICS,

    Defendant-Respondent.

> Argued April 25, 2016 – Decided July 28, 2016
>
> On certification to the Superior Court, Appellate Division.
>
> Kevin J. Duffy argued the cause for appellant (Day Pitney, attorneys, and Henry M. Karwowski, on the brief).
>
> Bruce A. Magaw argued the cause for respondent (Decker & Magaw, attorneys).
>
> Lamar Williams submitted a brief pro se.

JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.

In this appeal, we consider whether a litigant may lose his constitutionally protected right to a jury trial as a sanction for failure to comply with procedural rules. The case also presents a question about the court rules applicable to the Superior Court's Law Division, Special Civil Part.

Plaintiff Lamar Williams was twice denied his right to a jury trial by a trial court in the Special Civil Part. On both

1

occasions, the trial court relied on Rule 4:25-7, prescribing certain pre-trial procedures, and sanctioned Williams for failure to comply by denying his right to a jury.

We now hold that trial courts may not deprive civil litigants of their constitutionally protected right to a jury trial as a sanction for failure to comply with a procedural rule. We further instruct that Rule 4:25-7 does not apply to proceedings in the Special Civil Part.

## I.

Williams worked and owned a car in Alaska. In February 2010, he arranged through his employer to have the car shipped to New Jersey by defendant American Auto Logistics. After the car arrived, Williams visited the American Auto Logistics facility in New Jersey to pick it up. Williams inspected the car, found no apparent damage, and drove away. On leaving the facility, however, he heard swishing noises in the back of the car. He found water in the trunk and returned to the facility, where defendant's employees removed the accumulated water and offered a small amount of money for water damage. Williams rejected the offer.

Williams sought out a mechanic who estimated the repairs would cost more than $10,000. He called American Auto Logistics and offered to settle for less than that amount, but the company rejected the offer and refused to pay anything for the damage.

2

American Auto Logistics followed up by sending Williams a letter that disclaimed any responsibility and claimed the car was not damaged during shipping.

## II.

Williams filed suit against American Auto Logistics in October 2010, raising several claims based in contract and tort. He was not represented by an attorney. His complaint contained no jury demand. American Auto Logistics' answer included a jury demand. The parties appeared before a trial judge in the Special Civil Part for a pretrial conference in December 2010. The judge referred the parties to mediation, which was unsuccessful.

On returning from mediation, American Auto Logistics waived its jury demand before the trial judge. Williams objected, noting that he was informed that he would receive a trial by jury. The judge granted American Auto Logistics' request to waive the jury, explaining that Williams had failed to make any jury demand in his complaint. The judge told Williams that if he wanted a jury trial, he would have to refile the complaint and pay the associated fee. The judge also noted that Williams had failed to submit the requisite paperwork -- including certain pretrial disclosures and proposed jury instructions -- to the court pursuant to Rule 4:25-7 and denied Williams' request to retain the jury as a sanction for failure to comply.

3

The court proceeded with a bench trial and ultimately found no merit to Williams' claims.

Williams appealed, arguing that the trial judge should have empaneled a jury. The Appellate Division agreed with Williams and reversed and remanded for a new trial. The appellate panel cited Rule 6:5-3(d), which provides that "[i]f a jury is demanded and the demand is not withdrawn by consent, or if trial by jury is ordered by the court, the action shall be tried by jury." The panel acknowledged Rule 4:25-7's applicability as well, explaining that a trial judge may impose sanctions, including striking the jury demand, on a party that fails to submit the requisite pretrial information. Nonetheless, the panel concluded that the trial judge had erred in allowing a single party to unilaterally waive the jury demand.

The case returned on remand to the same trial judge, who struck Williams' jury demand for the second time. The judge cited the Appellate Division's statement that waiver of a jury demand is an appropriate sanction for violation of Rule 4:25-7 and found that Williams had failed to comply with that rule. The judge acknowledged that he had previously ruled on the case, so he referred the matter to another judge for a new bench trial. In the second bench trial, the new trial judge also found in American Auto Logistics' favor.

Williams appealed again. He argued that the trial court had ignored the Appellate Division's instruction in its first opinion and contended that Rule 4:25-7 does not apply in the Special Civil Part. The appellate panel rejected those arguments and affirmed the trial court's rulings in an unpublished opinion. We granted Williams' petition for certification. Williams v. Am. Auto Logistics, 223 N.J. 353 (2015).

III.

Williams argues that he was entitled to a jury trial on his claims against American Auto Logistics. He argues that Rule 4:25-7 does not apply in the Special Civil Part and urges that the lower courts erred when they applied that rule to bar him from obtaining a jury trial. Williams also notes that the right to a jury trial is constitutionally protected in New Jersey, citing our 1776, 1844, and 1947 constitutions. He submits that the trial court's failure to provide a jury trial is not amenable to the harmless error rule, and argues that reversal of the lower court's ruling is required.

American Auto Logistics argues that the trial court's decision to strike Williams' request for a jury was an appropriate sanction available to the Special Civil Part under Rule 4:25-7. It also submits that any error caused by denying Williams a jury was harmless, since Williams' claims were

5

meritless and would not have succeeded even if they had been presented to a jury.

IV.

A.

The primary question presented by this appeal is whether trial courts may deprive litigants of their right to a jury trial as a sanction for failure to comply with procedural rules. We hold that they may not. As Williams notes, New Jersey has upheld the importance of jury trials in constitutions that date back to the origins of our nation. See N.J. Const. art. XXII (1776) ("[T]he inestimable right of trial by jury shall remain confirmed as a part of the law of this Colony, without repeal, forever."); N.J. Const. art. I, § 7 (1844) ("The right of trial by jury shall remain inviolate . . . ."); N.J. Const. art. I, ¶ 9 (1947) ("The right of trial by jury shall remain inviolate . . . .").

Our jurisprudence confirms the strength of our commitment to protecting the right to a jury. "The right to a civil jury trial is one of the oldest and most fundamental of rights." Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 134 (2015). "The right to trial by jury has long been a bedrock in the dispute resolution mechanisms of this State, and a bulwark against anti-democratic forces." Wood v. N.J. Mfrs. Ins. Co., 206 N.J. 562, 574 (2011). "A jury trial is self-government at

6

work in our constitutional system, and a verdict rendered by one's peers is the ultimate validation in a democratic society." Lajara, supra, 222 N.J. at 134.

Generally, trial courts may not sanction litigants with the loss of a jury trial for failure to comply with procedural rules. Loss of a constitutional right should not be wielded as a penalty. We hold that procedural defects in a litigant's case cannot trump our constitutional mandate.[1]

In referring to the "right" to a jury trial here, we are careful to note that "this [constitutional] protection applies to civil cases only where the right to a jury trial existed at common law and does not normally apply to cases in equity." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J.

---

[1] Although the issue was not raised in this appeal, in the first trial, the trial court should have complied with the dictates of Rule 6:5-3 in this matter. Rule 6:5-3 provides that "[i]f a jury is demanded and the demand is not withdrawn by consent, or if trial by jury is ordered by the court, the action shall be tried by jury." R. 6:5-3(d). In this proceeding, American Auto Logistics demanded a jury when answering Williams' complaint. On the day of the first trial, the company withdrew its jury trial demand, but Williams did not consent to the withdrawal. Rule 6:5-3(d) plainly instructs that a jury demand that is not withdrawn by consent "shall be tried by jury" -- regardless of whether the party who initially demanded the jury elected to waive the request. Ibid. Thus, although Williams did not initially demand a jury in his complaint he was entitled to a jury trial when he did not consent to the waiver. We remind trial courts of their duty to protect a civil litigant's constitutional right to a jury after a jury is demanded by either party.

7

576, 589 (2013) (citation omitted). The concept of "rights" used in this opinion is not intended to imply that such rights extend beyond the contours already defined in our jurisprudence. See, e.g., Lajara, supra, 222 N.J. at 139-43 (exploring circumstances in which jury trial is available to civil litigants). Our holding therefore applies only to cases in which a civil litigant has already established that he or she has a right to a jury. See R. 4:35-1(c) (providing that "failure of a party to serve a demand as required by paragraphs (a) and (b) of this rule constitutes a waiver of trial by jury"); R. 6:5-3(b) (instructing that "trial by jury shall be deemed to be waived unless a demand therefor has been filed in the time and manner herein provided . . . .").

Further, our holding today is not intended to interfere with the expansive discretion that a trial court wields in managing its docket. "The trial court has an array of available remedies to enforce compliance with a court rule or one of its orders." Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005); see R. 1:2-4 (describing range of sanctions available to courts). Under the right circumstances, a trial court may hold a party in contempt, see Brundage v. Estate of Carambio, 195 N.J. 575, 610 (2008) (citing Wolfe v. Malberg, 334 N.J. Super. 630, 636-37 (App. Div. 2000)); preclude a party from admitting evidence, Rosenblit v. Zimmerman, 166 N.J. 391, 402-03 (2001);

8

enter an adverse inference against a party, Robertet Flavors, Inc. v. Tri-Form Constr., Inc., 203 N.J. 252, 272-73 (2010); impose payment of a penalty fee to the court or another party, see LoBiondo v. Schwartz, 199 N.J. 62, 99-100 (2009); or order a new trial, Evtush v. Hudson Bus Transp. Co., 7 N.J. 167, 173 (1951). The trial court may even dismiss a litigant's complaint with prejudice, a drastic penalty that we have recognized is the "ultimate sanction." Abtrax Pharms. v. Elkins-Sinn, 139 N.J. 499, 514-15 (1995) (citations omitted); Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345 (1984) (citations omitted).

"[T]he court must . . . carefully weigh what sanction is the appropriate one, choosing the approach that imposes a sanction consistent with fundamental fairness to both parties." Robertet Flavors, supra, 203 N.J. at 282-83. "The extent to which [one party] has impaired [the other's] case may guide the court in determining whether less severe sanctions will suffice." Gonzalez, supra, 185 N.J. at 116.

In sum, there are a panoply of sanctions in a trial court's arsenal. Today's holding merely instructs that removing a party's constitutionally protected right to a jury trial is not among them.

9

The second question presented in this appeal is whether Rule 4:25-7 applies to litigation in the Special Civil Part.

The rules governing state courts are divided into eight parts. Part VI provides the rules governing litigation in the Law Division's Special Civil Part. The Special Civil Part oversees small claims where the amount in controversy is less than $15,000. Portions of Part VI incorporate by reference other rules contained within different parts of the Court Rules. For example, Rule 6:4-2 provides that "[t]he pretrial conference procedure provided by Rule 4:25-1 to Rule 4:25-6, inclusive, may be employed in the court's discretion on its own motion or the motion of a party." R. 6:4-2.

Part IV, in turn, provides the rules governing practice in the Law and Chancery Divisions as well as the Tax Court. Rule 4:1 instructs that "[t]he rules in Part IV, insofar as applicable, govern the practice and procedure of civil actions in the Superior Court, Law and Chancery Divisions, and the surrogate's courts and the Tax Court except as otherwise provided in Part VI and Part VIII." R. 4:1.

Within Part IV, Rule 4:25-7 contains instructions pertaining to pre-trial conferences and sets deadlines for the exchange of information between the parties. R. 4:25-7(a), (b). The rule also instructs the parties to submit certain materials

to the trial judge before a jury trial, including voir dire questions, proposed jury instructions, and a proposed jury verdict form.  R. 4:25-7(b).  The rule provides that "[f]ailure to exchange and submit all the information required by this rule may result in sanctions as determined by the trial judge."  R. 4:25-7(b).

After analyzing these court rules in context, we conclude that Rule 4:25-7 does not apply to proceedings in the Special Civil Part.  We reach this result by applying the oft-stated principle of statutory construction that a specific statutory declaration prevails over a more general one.  See Med. Soc'y of N.J. v. N.J. Dep't of Law & Pub. Safety, 120 N.J. 18, 29 (1990); Hackensack Water Co. v. Div. of Tax Appeals, 2 N.J. 157, 165 (1949).  Those "same principles of statutory construction apply to rule construction."  First Resolution Inv. Corp. v. Seker, 171 N.J. 502, 511 (2002) (citations omitted).

Here, Rule 4:1 provides a general blanket statement indicating that Part IV applies to proceedings in the Law Division "except as otherwise provided in Part VI."  R. 4:1. However, any argument that the blanket statement found within Rule 4:1 implicitly includes Rule 4:25-7's pretrial conference procedures must fail, because Rule 6:4-2 is more specific; it names only Rules 4:25-1 through 4:25-6 as applicable to the Special Civil Part.  As the more specific court rule, Rule 6:4-2

11

controls over Rule 4:1.  Therefore, we hold that Rule 4:25-7 does not apply to proceedings in the Special Civil Part.

That conclusion is buttressed by comments made by the Supreme Court Committee on Special Civil Part Practice.  In 2006, the Committee considered a proposal to amend Rule 6:4-2 to encompass the pretrial procedures described in Rule 4:25-7.  See N.J. Admin. Office of the Courts, "2006 Report of the Supreme Court Comm. on Special Civil Part Practice," 31 (Jan. 17, 2006).  After deliberation, the Committee rejected the proposal, with a majority of the committee concluding that "the typical Special Civil Part case simply does not warrant the extensive exchange of information [required by Rule 4:25-7] . . . and . . . an exchange on the trial date would be just as effective and certainly less expensive for the litigants."  Ibid.  That commentary provides persuasive support for the conclusion that Rule 4:25-7 does not apply in the Special Civil Part.

V.

Applying the reasoning above to the facts of this case, we conclude that the trial court and Appellate Division erred in depriving Williams of his constitutionally protected right to a jury trial.  We also hold that those courts erred in applying Rule 4:25-7 to proceedings in the Law Division's Special Civil Part.  Those errors require that we reverse and remand to the

12

trial court, with instructions that Williams be afforded a trial by jury on his claims against American Auto Logistics.

Although it is not central to our holding today, we also clarify that a litigant's failure to submit proposed jury instructions to the court may be a sanctionable offense. "In assessing the appropriate sanction for the violation of one of its orders, the court must consider a number of factors, including whether the plaintiff acted willfully and whether the defendant suffered harm, and if so, to what degree." Gonzalez, supra, 185 N.J. at 115 (citing Abtrax, supra, 139 N.J. at 514). As noted above, the judge sanctioned Williams before his first trial in part because of his failure to submit proposed jury instructions. However, there was no indication that Williams' failure to submit the proposed jury instructions was willful or that it harmed American Auto Logistics in any significant way. If anything, Williams' omission was advantageous to American Auto Logistics, which would have had an opportunity to submit instructions without competition. Under these circumstances, a sanction merely for failure to submit proposed jury instructions would not have been warranted. After all, a trial judge may always consult model jury charges or rely on their own crafted instructions in lieu of submissions by the parties.

Nonetheless, it is conceivable that a civil litigant's willful failure to submit proposed jury instructions under

13

different circumstances could be a sanctionable offense.  Our ruling today reaffirms that trial courts have broad discretion to sanction parties for failure to comply with court rules -- but the sanction of withdrawing a litigant's right to a jury trial is not among the available penalties.

VI.

For the aforementioned reasons, the judgment of the Appellate Division is reversed, and the matter is remanded to the trial court for proceedings consistent with this decision.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUSTICE FERNANDEZ-VINA's opinion. JUDGE CUFF (temporarily assigned) did not participate.

14