**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0485-22

NORTH JERSEY HIP AND
KNEE CENTER,

     Plaintiff-Appellant,

v.

JANET QUEVEDO and
AMY L. PETERSON,

     Defendants/Third-Party
     Plaintiffs-Respondents,

v.

AIMAN RIFAI, D.O.,

     Third-Party Defendant-
     Respondent.

_____

Submitted January 17, 2024 – Decided February 5, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1905-21.

Michael S. Harrison, attorney for appellant (Stacy B. Fronapfel, on the briefs).

Margolis Edelstein, attorneys for respondent Amy L. Peterson (Kyle L. Wu, of counsel and on the brief).

PER CURIAM

Plaintiff North Jersey Hip and Knee Center, P.C. appeals from a July 18, 2022 order denying its motion to reinstate its complaint that had been dismissed with prejudice for failure to comply with a court order pursuant to Rule 4:23-2(b), and a September 16, 2022 order which denied reconsideration. After a review of the arguments on appeal, the record, and the applicable law, we reverse and remand because a sanction short of dismissal was warranted.

I.

We discern the relevant facts and procedural history from the record. This matter involved a letter of protection dispute arising from $183,107.30 in medical bills allegedly owed for services plaintiff rendered to Janet Quevedo after an automobile accident. Plaintiff alleges it received a letter of protection from defendant Amy Peterson, Esq., who was Quevedo's personal injury attorney.

Plaintiff treated Quevedo for her injuries from October 2016 to November 2018. In February 2017, defendant advised plaintiff's physician, Aiman Rifai,

2

D.O., by letter that she legally represented Quevedo in a personal injury action. The letter acknowledged plaintiff's treatment, noted Quevedo did not have "personal auto insurance," and advised that any medical "itemized bills" were to be submitted to the provided insurance company "directly for fee scheduling." The letter further asserted defendant "w[ould] protect [plaintiff's] customary and reasonable fees to the extent . . . available from third party recovery when the case [wa]s concluded provided [plaintiff] timely forwarded to [defendant's] office a copy" of the bills submitted.

On June 10, 2021, plaintiff filed a five-count complaint against Quevedo and defendant seeking damages for the billed medical services, attorney's fees, interest, and costs. On July 15, defendant filed an answer, counterclaim, and third-party complaint against Dr. Rifai. Plaintiff filed an answer to the counterclaim and Dr. Rifai answered the third-party complaint. On August 30, defendant filed an amended answer.

On October 6, defendant served plaintiff, "via email only," with a request for answers to interrogatories, a notice to produce, and a request for admissions. Defendant also moved to change tracks and to extend the discovery end date. On October 22, the motion judge granted the request, transferred the matter from Track I to Track II, and ordered a March 24, 2022 discovery end date. The judge

A-0485-22

thereby shortened the discovery period and the delineated discovery dates requested, requiring written discovery be provided "no later than" November 30, and depositions to "take place no later than" December 30. The judge also commented, "Nothing[]has been done to date . . . It is really not that complicated."

Having not received the requested written discovery, on January 18, 2022, defendant served via email a good faith deficiency letter in compliance with Rule 1:6-2(c). Two days later, defendant served plaintiff via email and regular mail with a deposition notice of Dr. Rifai, scheduled for February 17. On February 16, one day before the noticed deposition, plaintiff informed defendant via email that Dr. Rifai was unavailable.

On March 2, defendant moved to dismiss the complaint without prejudice pursuant to Rule 4:23-5(a)(1) and with prejudice pursuant to Rules 4:23-4 and 4:23-2(b)(3), which plaintiff opposed. A new motion judge granted the motion to dismiss the complaint without prejudice under Rule 4:23-5(a)(1) for failure to provide discovery, denied dismissal with prejudice, and compelled Dr. Rifai "to appear for deposition within [thirty] days of the date of [the] order" or else "face sanctions as permitted by the rules of the court up to and including

<u>dismissal with prejudice</u>." The complaint was apparently dismissed as well against Quevedo, who was in default for failing to file an answer.

On April 13, defendant served plaintiff via email and regular mail with a notice of deposition for April 21. On April 20, one day before the noticed deposition, plaintiff informed defendant that Dr. Rifai was unavailable. On May 22, defendant moved to dismiss the complaint with prejudice under <u>Rule</u> 4:23-4, failure to appear for a deposition, and <u>Rule</u> 4:23-3, failure to comply with a court order, which plaintiff did not oppose. Before the motion's May 25 return date, plaintiff served answers to the written discovery requests.

On May 27, the judge granted the motion to dismiss with prejudice. Citing <u>Rule</u> 4:23-2(b)(3), the judge found plaintiff "elected to willfully ignore [the] court's directive" and therefore dismissal with prejudice was appropriate.[1] On July 18, the judge denied plaintiff's motion to vacate dismissal and reinstate the complaint. Thereafter, plaintiff moved for reconsideration.

On September 16, the judge issued an oral decision and entered an order denying reconsideration. The judge found defendant "failed to respond to

---

[1] We recognize that while a motion to dismiss with prejudice under <u>Rule</u> 4:23-5(a)(2) would have been premature as the requisite sixty days since the order dismissing the complaint without prejudice had not passed, defendant separately moved to dismiss with prejudice under <u>Rule</u> 4:23-2(b)(3).

communications concerning discovery and court orders" and, in the present motion, failed to "provide[] any reasons as to why it did not respond to discovery communications."  Default judgment was entered against Quevedo on January 13, 2023.

Before us, plaintiff argues the judge abused her discretion by failing to consider alternative sanctions and imposing the ultimate sanction of a dismissal with prejudice; and imposing an unjust and unreasonable sanction.

II.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion."  Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995).  Moreover, a trial court's decision on a discovery matter is "entitled to substantial deference and will not be overturned absent an abuse of discretion."  DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)).

In addressing the appropriate penalty for failing to abide by an order, "the court must . . . carefully weigh what sanction is the appropriate one, choosing the approach that imposes a sanction consistent with fundamental fairness to both parties."  Williams v. Am. Auto Logistics, 226 N.J. 117, 125 (2016) (alteration in original) (quoting Robertet Flavors, Inc. v. Tri-Form Constr., Inc.,

6

203 N.J. 252, 282-83 (2010)).  In its selection of a sanction, a court must consider "[t]he varying levels of culpability of delinquent parties."  Georgis v. Scarpa, 226 N.J. Super. 244, 251 (App. Div. 1988).  "The extent to which [one party] has impaired [the other's] case may guide the court in determining whether less severe sanctions will suffice."  Williams, 226 N.J. at 125 (alterations in original) (quoting Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 116 (2005)).  When determining whether dismissal is appropriate, courts "should assess the facts, including the willfulness of the violation, the ability of plaintiff to produce the [evidence], the proximity of trial, and prejudice to the adversary, and apply the appropriate remedy."  Casinelli v. Manglapus, 181 N.J. 354, 365 (2004).

The "ultimate sanction of dismissal" is to be used "only sparingly."  Abtrax Pharms., 139 N.J. at 514 (quoting Zaccardi v. Becker, 88 N.J. 245, 253 (1982)).  "If a lesser sanction than dismissal suffices to erase the prejudice to the non-delinquent party, dismissal of the complaint is not appropriate and constitutes an abuse of discretion."  Georgis, 226 N.J. Super. at 251.  "The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is

deliberate and contumacious." Abtrax Pharms., 139 N.J. at 514 (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)). "It is well-settled that the sanction of dismissal with prejudice for a procedural violation must be a recourse of last resort." Conrad v. Michelle & John, Inc., 394 N.J. Super. 1, 11 (App. Div. 2007) (citing Tucci v. Tropicana Casino & Resort, Inc., 364 N.J. Super. 48, 52 (App. Div. 2003)).

The failure to comply with an order to produce discovery pursuant to Rule 4:23-2(b) allows for dismissal "with or without prejudice":

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under R. 4:23-1, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the introduction of designated matters in evidence;
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof with or without prejudice, or rendering a judgment by default against the disobedient party;

8

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders.

In lieu of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that the other circumstances make an award of expenses unjust.

[R. 4:23-2(b).]

### III.

It bears noting from the inception that we do not condone the dilatory pace at which plaintiff prosecuted its action and or its failure to respond to discovery demands. As plaintiff readily acknowledged, "its failures in timely providing discovery should[ not] have gone unsanctioned." Nevertheless, we concur with plaintiff's argument that the judge erroneously dismissed its complaint with prejudice, under Rule 4:23-2(b)(3), for failing to comply with the judge's March 23, 2022 order when lesser sanctions were available.

As the judge correctly recited in her brief written statement of reasons accompanying the May 27 order, the motion to dismiss was unopposed and plaintiff's representative had canceled the noticed deposition. However, the judge failed to address at any point that plaintiff had served an untimely April

13, 2022 deposition notice on defendant. The notice was served only eight days before the scheduled deposition date of April 21—despite the requirement that "not less than [ten]-days['] notice" be provided pursuant to Rule 4:14-2(a).[2] Notably, April 21 was the last day to complete the deposition in accordance with the judge's March 23 order. The judge's March 23 order did not schedule a specific deposition date or permit a "shorten[ed] . . . time for taking the deposition." R. 4:14-2(b). Thus, by the date defendant served the deposition notice, there was insufficient time to provide notice under the Rule and to comply with the judge's order. In her oral reconsideration decision, the judge stated plaintiff had "proper and effective notice from defendant['s] . . . counsel in that regard" without further explanation.[3] There is no support for that statement in the record. Therefore, we conclude the failure to reconsider the

---

[2] As we do not have the motion papers filed below, we cannot discern if defendant's attorney made a "good faith attempt" to confer with plaintiff's attorney to resolve scheduling Dr. Rifai's deposition in accordance with Rule 1:6-2(c).

[3] We note it is unclear whether the judge analyzed the motion for reconsideration pursuant to Rule 4:42-2, reconsideration of interlocutory orders. See Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (addressing the distinctions between motions for reconsideration under Rule 4:49-2, which "applies only to motions to alter or amend final judgments and final orders" and "doesn't apply when an interlocutory order is challenged" pursuant to Rule 4:42-2).

A-0485-22

ultimate sanction of dismissal of plaintiff's complaint with prejudice despite an untimely deposition notice served on defendant and the availability of lesser sanctions was mistaken use of discretion. See Georgis, 226 N.J. Super. at 251.

We further observe the judge did not consider that prior to the return date of the motion to dismiss with prejudice, plaintiff had served its answers to interrogatories and responses to the notice to produce. The judge noted in her oral reconsideration decision that "[p]laintiff allege[d] that it did not receive [d]efendant's discovery requests until March 2, 2022," and had "served [discovery], 'on or about', May 25, 2022" before the return date of the motion to dismiss. It appears from the record the judge gave little consideration to counsel's representation they did not receive the two emailed discovery requests, and that plaintiff had served the written discovery before the dismissal with prejudice. These considerations, in addition to the untimely deposition notice, weighed in favor of a lesser sanction.

We also observe that when the original motion judge granted the track change, he shortened the 300-day discovery period provided under Rule 4:24-1; thus, less time for discovery was afforded. See R. 4:24-1 (providing "all proceedings referred to in [R.] 4:10-1 to [R.] 4:23-4 inclusive shall be completed

within the time frame for each track as hereafter prescribed counting from the date the first answer is filed" and prescribing "300 days" for "Track II").

For these reasons, the drastic sanction of dismissal was unwarranted. There existed lesser alternative sanctions to address plaintiff's failure to complete the deposition.  See, e.g., R. 4:23-2(b)(4) (permitting the court "require the party failing to obey the order to pay the reasonable expenses, including the attorney's fees, caused by the failure").

We are constrained to reverse the orders which denied plaintiff's motions to reinstate the complaint and for reconsideration.  We remand for further proceedings consistent with this opinion.  We express no view regarding the lesser sanction that should be imposed.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION