**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3726-22

KAREEM MOORE,

     Plaintiff-Respondent,

v.

RE ASSOCIATES, LLC,
2820 16TH STREET
RE ASSOCIATES, LLC, 2820
16TH ST. RE ASSOC., LLC, and
2820 16TH STREET REALTY
ASSOCIATES, LLC,

     Defendants-Appellants.

_____

Argued January 9, 2024 – Decided March 19, 2024

Before Judges Smith and Perez Friscia.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0073-21.

Walter F. Kawalec, III, argued the cause for appellants (Marshall Dennehey Warner Coleman & Goggin, attorneys; Walter F. Kawalec, III, and Leonard C. Leicht, on the briefs).

Ethan J. Sheffet argued the cause for respondent (Sheffet & Dvorin, PC, attorneys; Ethan J. Sheffet, on the brief).

PER CURIAM

Defendant, 2820 16th Street Realty Associates (2820), appeals the trial court's order denying reconsideration of its order granting discovery sanctions against 2820. The trial court found 2820 failed to comply with its discovery orders, and as a result, the court barred 2820 from contesting liability at trial.

On appeal, 2820 argues the court abused its discretion in ordering sanctions and denying the reconsideration motion. We agree and consequently reverse and remand for the reasons which follow.

I.

On March 27, 2019, plaintiff suffered an ankle fracture when he stepped into a hole on his employer's parking lot. At the time, plaintiff worked as a truck driver for National Retail Transportation, Inc. (NRT), and the fall took place at their terminal located in North Bergen. A deed search revealed that the terminal was owned by 2820. Plaintiff sued 2820 and other entities, seeking damages for his injuries.[1] Plaintiff served 2820 with document and interrogatory requests in

---

[1] The other companies and fictitiously named parties are neither parties to nor relevant to this appeal.

September 2021. 2820 responded by producing one document, its triple-net lease[2] with NRT.

Almost a year later, in August 2022, 2820 moved for summary judgment, arguing that its triple net lease was an absolute defense to liability for plaintiff's injuries. In response, plaintiff filed a motion to strike the answer and suppress 2820's defenses. 2820 then produced one witness for deposition.[3] Contending discovery was still incomplete, plaintiff moved to extend discovery and compel production of documents, arguing he was entitled to any documents showing, among other things, whether 2820 had paid for any maintenance at the leased property so that he could effectively oppose 2820's summary judgment motion.

While the motions were pending, the trial court conducted a case management conference. The record shows counsel mutually agreed that 2820 would withdraw its motion for summary judgment without prejudice. Defense

---

[2] Under a triple net lease, a commercial tenant is responsible for "maintaining the premises and for paying all utilities, taxes, and other charges associated with the property." N.J. Indus. Properties v. Y.C. & V.L., Inc., 100 N.J. 432, 434 (1985).

[3] William Cluver, a senior vice president of risk management for National Retail Systems, testified that it was a management business which oversaw the day-to-day activities of NRT, plaintiff's employer. 2820's counsel was present at the deposition and stated on the record that 2820 had no employees, but that Cluver "ha[d] the requisite knowledge to respond to questions on behalf of 2820."

A-3726-22

counsel offered to produce the names and last known addresses of three persons identified by plaintiff in discovery, but who were not employees of 2820. Defense counsel also stated they had produced the lease between 2820 and NRT, as well as 2820's certificate of formation. Plaintiff's counsel acknowledged receipt of the lease, but not the certificate, nor any other documentation regarding 2820's ownership.

The record also shows that during the conference, the parties and the court engaged in a speculative discussion about what documents 2820 should be required to produce. The documents included but were not limited to: trust formation documents; tax records; and maintenance documents evidencing environmental remediation work done at NRT's trucking terminal. The parties reached no consensus about what 2820 would produce. The court stated, "I suggest you both . . . come up with what additional information you need. . . . It would be premature to make determinations about anything without you having completed discovery." Plaintiff's counsel offered to submit a consent order "consistent with what [the court] said," and the court accepted this solution.

After the conference, the parties negotiated a draft consent order on discovery. During negotiations, the record shows 2820 objected to several of plaintiff's requests. However, in February 2023, plaintiff submitted a "consent"

4

order to the trial court anyway. The proposed order was signed by plaintiff's counsel, but not by defense counsel. Plaintiff's accompanying letter informed the court the parties had been unsuccessful in negotiating production of certain discovery, yet still requested that defense and the court sign the "consent" order. The trial court signed the "consent" order without a hearing, despite the absence of an agreement by the parties. The order stated in part:

> Production of additional information, including tax and trust documentation, is not prohibited by the categories set forth herein. If such information is required by [p]laintiff, demand shall be made appropriately, objections thereto set forth by [d]efendant, and the matter to be resolved either by motion or case management conference thereafter.

After the court issued the order, 2820 produced redacted financial records and stated "2820 made no payments towards the maintenance of the property where your client fell." In March 2023, the court held a second case management conference and expressed its opinion regarding additional discovery without issuing an order. It stated:

> I think [plaintiff] is entitled to all the information about the owner of the property and the leases with the tenants. You know, when you say maintenance, whether or not this is a triple net lease—does maintenance include if there are leaks under the pavement that result in destruction of a parking lot or something else . . . .

5

. . . .

> You know, he's entitled to all of that. Maintenance can be described in a lot of different ways. Maintenance can be fill in your occasional pothole. It could be a whole different issue if . . . your parking lot is collapsing due to underground water filtration. That may be an owner issue.

The court concluded the conference by instructing plaintiff to move for relief as needed.

A day later, 2820 provided supplemental responses to plaintiff. However, 2820 refused to produce trust tax documents, arguing they were both confidential and irrelevant. Regarding the operating agreement, 2820 requested a confidentiality order be drafted by plaintiff. Plaintiff immediately moved to strike 2820's answer and defenses, arguing 2820 failed to comply with the court's February 2023 order.

The trial court partially granted the motion, not striking the answer, but barring 2820 from asserting non-liability as a defense at trial. The court's brief statement of reasons attached to the order read:

> The Court held an extensive [c]ase [m]anagement [c]onference with the parties' counsel and ordered the production of various discovery from the [d]efendant. 2820 has chosen not to disclose any of the previously ordered items, arguing in this motion such [tax] returns should be private. Notably, [d]efendant did not file any motion for a protective [o]rder, did not provide anyone

6

to authenticate the lease in question, did not provide an [o]perating [a]greement for the entity and did not prepare a confidentiality order (which [d]efendant indicated would be sufficient to allow disclosure). In other words, [d]efendant blantantly[sic] ignored a [c]ourt [o]rder and argues today that such ignorance should be excused without having taken any of the necessary steps to warrant such exclusion.

The trial court next denied 2820's motion for reconsideration, finding it was "not timely filed." We granted 2820's motion for leave to appeal.

On appeal, 2820 contends the trial court erred when it denied the motion for reconsideration, and by barring its liability defense.

## II.

We review a trial court's decision on a reconsideration motion for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We also use an abuse of discretion standard when reviewing a trial court's order imposing discovery sanctions. Kornbleuth v. Westover, 241 N.J. 289, 300-01 (2020). We consider whether the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

We first consider the court's denial of reconsideration. There are two distinct rules for reconsideration motions. Which standard we deploy depends

7

on the finality of the order being reconsidered. <u>Rule</u> 4:42-2 applies to reconsideration of interlocutory orders and directs trial courts to take "a more liberal approach" compared to "the methodology employed when a motion is based on <u>Rule</u> 4:49-2.[4]" <u>Lawson v. Dewar</u>, 468 N.J. Super. 128, 134 (2021). Under the rule, interlocutory orders "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice."

By finding 2820 failed to "specify exactly how the [c]ourt erred," the trial court mistakenly used the <u>Rule</u> 4:49-2 standard rather than the interest of justice standard under <u>Rule</u> 4:42-2. Additionally, since reconsideration of an interlocutory order may be considered by the court "at any time before the case's final disposition," <u>Lawson</u>, 468 N.J. Super. at 134, 2820's motion was timely. The trial court's denial of reconsideration was a mistaken exercise of discretion.

Next, we turn to the discovery sanctions employed by the court. "A trial court has an array of available remedies to enforce compliance with a court rule

---

[4] "<u>Rule</u> 4:49-2 applies only to motions to alter or amend final judgments and final orders," and requires the movant to show "the challenged order was the result of a 'palpably incorrect or irrational' analysis or of the judge's failure to 'consider' or 'appreciate' competent and probative evidence." <u>Lawson v. Dewar</u>, 468 N.J. Super. 128, 134 (2021) (quoting <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 384 (1996)).

8 <span>A-3726-22</span>

or one of its orders." Williams v. Am. Auto Logistics, 226 N.J. 117, 124 (2016) (quoting Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005)).  As such, "a trial court has inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that they be just and reasonable in the circumstances."  Il Grande v. DiBenedetto, 366 N.J. Super. 597, 621 (App. Div. 2004) (citing Calabrese v. Trenton State Coll., 162 N.J. Super. 145, 151–52, aff'd, 82 N.J. 321 (1980)).

In discovery disputes, Rules 4:23-1 to -5 detail the procedures and remedies available to enforce compliance with court rules or one of its orders. See Williams, 226 N.J. at 124-25.  While "there are a panoply of sanctions in a trial court's arsenal," it " must . . . carefully weigh what sanction is the appropriate one, choosing the approach that imposes a sanction consistent with fundamental fairness to both parties."  Id. at 125 (alteration and omission in original) (quoting Robertet Flavors, Inc. v. Tri-Form Constr., Inc., 203 N.J. 252, 282-83 (2010)).

Because dismissal of a plaintiff's cause of action with prejudice is considered the most severe penalty, "[it] should be invoked sparingly, such as when the plaintiff's violation of a rule or order evinces 'a deliberate and contumacious disregard of the court's authority.'"  Gonzalez, 185 N.J. at 115;

9

see also Casinelli v. Manglapus, 181 N.J. 354, 365 (2004) (when considering dismissal as a sanction, court should "assess the facts, including the willfulness of the violation . . .").

"The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious." Abtrax Pharms., 139 N.J. at 514 (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)). "It is well-settled that the sanction of dismissal with prejudice for a procedural violation must be a recourse of last resort." Conrad v. Michelle & John, Inc., 394 N.J. Super. 1, 11 (App. Div. 2007) (citing Tucci v. Tropicana Casino & Resort, Inc., 364 N.J. Super. 48, 52 (App. Div. 2003)).

The failure to comply with an order to produce discovery pursuant to Rule 4:23-2(b) allows for dismissal "with or without prejudice":

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under R. 4:23-1, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in

accordance with the claim of the party obtaining the order;

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the introduction of designated matters in evidence;

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof with or without prejudice, or rendering a judgment by default against the disobedient party;

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders.

In lieu of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that the other circumstances make an award of expenses unjust.

[R. 4:23-2(b).]

We concur with 2820's argument that the court's sanction of suppressing its liability defense was a mistaken use of discretion, under Rule 4:23-2(b)(2). The record shows that the court struck the essential defense of non-liability. Its order is contrary to the fundamental principal underlying sanctions—to compel discovery compliance to ensure cases are decided on their merits. See Thabo v. Z Transportation, 452 N.J. Super. 359, 371 (App. Div. 2017) ("Discovery rules

11                                                                                    A-3726-22

are intended to create a level playing field for all litigants and promote the resolution of civil dispute on the merits.").

On remand, the trial court shall conduct a case management conference within thirty days to establish appropriate deadlines for discovery and dispositive motions. We also provide the following instructions to the court regarding the resolution of the parties' discovery disputes.

First, concerning authentication of the lease agreement, the court should refer 2820 to N.J.R.E. 901.[5] Next, as to the operation agreement and trust information, the court should make clear that it is the party with the discovery obligation which must move for a protective order or confidentiality agreement regarding a document or other discovery request. R. 4:10-3. As to 2820's tax returns, the court shall require that plaintiff establish the need for the documents as per the standard set forth in Ullmann/Parkinson.[6] Under such robust review,

---

[5] Under N.J.R.E. 901, authentication requires the party who is submitting a piece of evidence to "present evidence sufficient to support a finding that the item is what its proponent claims." The authentication requirement embodied in Rule 901 is "not designed to be onerous." State v. Hockett, 443 N.J. Super. 605, 613 (App. Div. 2016).

[6] Ullmann v. Hartford Fire Insurance Co., 87 N.J. Super. 409 (App. Div. 1965) (providing trial judges should generally preform in camera review of tax filings prior to compelling their discovery); Parkinson v. Diamond Chemical, 469 N.J. Super. 396, 406 (App. Div. 2021) (holding that state tax filings of individuals, corporations, and other businesses are presumptively confidential).

if the court finds plaintiff has met their burden, it should conduct an in camera examination of the disputed records to determine whether full disclosure is warranted or whether partial disclosure with redactions will suffice.

The parties' future discovery disputes shall be resolved using motion practice consistent with the Rules of Court and the principles set forth in this opinion.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION